Case 86—PETITION EQUITY—June 21, 1881.

## Myer & Hay v. Dupont, &c.

APPEAL FROM LOUISVILLE CHANCERY COURT.

1. Where a railroad company has contracted with a subscriber to its capital stock to apply the subscription to the construction of a particular part of its road, a contractor who has done the work on that part of the road under a contract with the company has no lien on the subscription to secure the payment of his claim, unless he has contracted therefor, and the president and directors of the company are not liable for the appropriation of the subscription to the payment of other debts of the company so long as the subscriber does not complain.

2. If such a trust exists in favor of the contractor, he cannot enforce it without alleging that a sufficient amount to pay his claim remains in the hands of the company after constructing the portion of the road to which the subscription was to be applied.

D. M. RODMAN FOR APPELLANTS.

1. Appellants, by their contract with the railroad company, acquired an interest in the fund subscribed by the city of Louisville, and it was the duty of the president and directors of the company to apply the proceeds of that fund to the payment of appellants' debt, and for the fraudulent and willful violation of that duty they are liable to appellants. (Acts, 1873, vol. 1, chap. 192, page 248; 1 Chitty on Pleading, 136; Shakers v. Underwood, 9 Bush, 621; Lex. and Ohio R. R. Co. v. Bridges, 7 B. Mon., 556 ; Rowe v. Williams, 7 B. Mon., 204; Gratz v. Redd, 4 B. Mon., 191, 195; Percy v. Millanden, 3 La., 585; Garvin v. Mobley, 1 Bush, 48; Turquand v. Marshall, 6 Eng. L. R.; Robinson v. Smith, 3 Paige, 230.)

2. It was not necessary for appellants to allege that the entire sum subscribed by the city of Louisville had not been expended in the construction of the part of the road to which the city's subscription was to be applied, as that is entirely a matter of defense.

H. C. PINDELL FOR APPELLEES.

1. The act and ordinance relied on did not amount to a contract. The legislature had no power to make a contract on behalf of the railroad company. (Sage v. Dillard, 15 B. Mon., 340; C. & O. R. R. Co. v. Barren Co., 10 Bush, 610.)

2. The obligation required by the ordinance expressed no trust for appellants, and none can be implied, and if it could, it would be void for uncertainty. (Story's Eq., sec. 964; Stubbs v. Sargon, 2 Keene, 255; Knight v. Knight, 3 Beav., 148; Curtis v. Rippon, 5 Mad., 434; Leines v. Borden, 5 Fla., 72; Gilbert v. Chapin, 19 Conn., 342; Perry on Trusts, secs. 82, 83, 86, 114; Story's Eq., secs. 979a, 1156–7, and 1183; Baptist Asso. v. Hart, 4 Wheat., 29; Harland v. Trigg, 1 Bro. Ch'y, 144.)

3. Directors are not personally liable for violations of corporation trusts. (Angell & Ames on Corporations, secs. 31, 14; Story's Agency, sec. 269., et seq., 302, et seq., 276, 134, et seq., 308, 452, et seq., 319, 308, 310; L. & O. R. R. Co. v. Bridges, 7 B. M., 556.)

4. Directors are not liable for mistake as to a doubtful question of law. (2 Kent., 63, n. a.; Angell & Ames, sec. 314; Scott v. DePeyster, 1 Edwd. Ch'y, 534; Godbold v. Bank of Mobile, 11 Ala., 191; Overend v. Guerney, 4 Ch'y App., 720; Turquand v. Marshall, Ib., 385; Sperenz's Appeal, 71 Penn. St., 17; L. & O. R. R. Co. v. Bridges, 7 B. M., 560.)

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

There is no question but the president and directors of the Elizabethtown and Paducah Railroad Company can be made individually liable for a fraudulent, and even for a wrongful or illegal appropriation of the corporate funds of the company. The question arises in this case, are the facts alleged in the petition sufficient to create such a liability. The subscription of one million of dollars made to the capital stock of the company by the city of Louisville was to be paid or realized by the issual of the bonds of the city, the bonds to be sold by the president and directors, and when sold the proceeds to be paid to the commissioners of the sinking fund of the city, and to be paid by these commissioners to the president of the company upon or for work in the construction of forty-five miles of continuous road, beginning at the city of Louisville. In other words, the money was to be paid as the work progressed, one half to be paid when the chief engineer certified that this much is due for work completed on the first thirty miles of the road, beginning at Louisville, and the other half to be paid upon a similar statement by the engineer that the same is due for work actually done on the remainder of the road; and if the amount so dedicated to the construction of either part of the road shall be more than is necessary for that purpose, it may be applied to the construction of other parts of the road. The company was also required to execute an obligation to the effect that the proceeds of the bonds would be thus applied, and in no event, as provided by the ninth section of the ordinance constituting the contract between the parties, was the subscription of stock to be subjected to the present mortgage of the Elizabethtown and Paducah road.

The object of the city of Louisville was to secure the application of the funds subscribed to the construction of the road next to the city, and for this purpose the sinking fund commissioners were required to retain possession of the funds, and pay them out to the president as the work progressed, in the manner specified by the ordinance.

After this contract had been made by the company and the city, in pursuance of the act of February 18th, 1873, the present appellants entered into a contract with the railroad company, by which they undertook to construct two sections of the road within thirty miles of the city for $68,000, to be paid them as the work progressed, the company retaining fifteen per centum of the amount actually due until their entire contract was completed. It is alleged that the company had in its possession a sum sufficient out of the proceeds of the bonds to pay them in full; that they had completed their contract, and there was still due them $13,000; that it was the duty of the directors to have paid them out of this fund; but in disregard of that duty they had fraudulently and illegally taken the money, and paid it as interest on the old mortgage of the Elizabethtown and Paducah Railroad Company, not leaving enough to pay any part of the balance due the appellants. That the company had gone into bankruptcy, was insolvent, and the president and directors, by reason of their wrongful and fraudulent acts, were personally liable, &c. The contract made between appellants and the company is made part of the petition. This contract prescribes the manner in which the work is to be done, the mode of payment, &c., but contains no stipulation by which the proceeds of the bonds in the hands of the sinking fund commissioners are assigned to the appellants, or any lien given them on this fund to

secure its payment. The city of Louisville is not complaining or a party to the action, nor is there any allegation that the road has not been completed, or the work done as agreed on by the company and the city; but, on the contrary, the legitimate inference from the facts stated is, that the road has been completed, and the proceeds of the bonds, or a part of them, applied in discharging the debts of the corporation. The contract between the city of Louisville and the appellees or the railroad company created no trust in favor of the contractors by reason of work done on this particular part of the road. It is true the fund belonged to the corporation, and when diverted from its legitimate purpose by the directors—that is, used for purposes other than the construction of the road, or in payment of debts due by the corporation—the directors would have been individually liable.

The appropriation of this fund to the construction of a particular part of the road was to secure the city of Louisville, and when the contract between the city and the railroad company has been complied with, the contractor has no right to complain. He may have contracted upon the faith that this fund would build the road the distance contemplated, and that the subscription would insure the solvency of the corporation; still he had no lien upon the fund or the right to demand that the money paid him by the company should come from the proceeds of the Louisville bonds.

These appellants were being paid monthly by their contract with the company, when the company was not entitled to receive any part of the proceeds of the bond, until work of the value of one half the proceeds had been completed on the first thirty miles, and work of the value of the re-

maining half on another part of the road.   So the appel-
lants were being paid monthly until the work had pro-
gressed to its completion, and now they insist that one
hundred and twenty thousand  dollars of the proceeds of
the bonds had been paid on the old mortgage executed by
the company, and for that reason the president and direct-
ors are individually liable.   The proceeds may have been
invested in this way, and yet the company have paid out
a much larger sum from its own pocket than the proceeds
used in paying the mortgage debts.

If the appellants have a lien, or if there is a trust created
by reason of their relation to the original contracting parties,
no recovery can be had in the absence of an allegation that,
after expending the amount of means subscribed by the
city of Louisville in the construction of the road, they still
had a sum sufficient left in their hands, or that had been
appropriated to other purposes, to pay appellants' debt.

What is the difference between paying out the actual pro-
ceeds of these bonds and a sum equivalent to the proceeds?
And if they had paid a sum equal to the Louisville subscrip-
tion out of the company's pocket, why had not the company
the right to pay off the mortgage if the sum realized was
sufficient for that purpose?

It is not a violent presumption to say that the road had
been constructed by the company, or the contract complied
with; and when the city had been satisfied, the appellants
were no more beneficiaries of the fund than any other con-
tractor on the road.    As creditors of the company, they
were interested in having the funds of the corporation ap-
plied to the payment of the corporate debt, and when this
fund has been misapplied the directors are liable.

In the case of the Shakers v. Underwood, an officer of the bank had misapplied the funds belonging to the depositor by converting them to the bank's use. So in this case: if the money of the corporation is converted by the appellees in the payment of their own debts, or in the construction of some other public improvement, a liability would exist; or, as in the cases of Gratz v. Redd, 4 B. M., and L. & O. R. R. Co. v. Bridges, 7 B. M., where the directors and stockholders constituting the corporation, instead of paying the debts of the corporation, took the money and sunk it in their own pockets; or where the sheriff has property of the principal in his possession to pay a debt for which the surety is liable, and destroys it or surrenders it to the debtor—in all these cases the legal rights of the parties are affected by the act of the party complained of.

Not so in the present case. The appellants are not liable for any debt to the appellees or the city of Louisville, nor has either of them any property pledged to secure any debt owing the appellant, but the debtor is complained of for not paying out of his own means a debt due the appellant in preference to another creditor of the same debtor.

Here the effort is to make the president and directors liable for paying debts by the company—the same company with which the appellants contracted. The city of Louisville requires the money subscribed to be applied to the building of the road within certain limits; the county of Hardin upon condition that its subscription is applied to constructing the road within its limits; and A as an individual on condition that the money subscribed by him is to be applied to the building of the road through his farm.

It is now maintained that for the labor performed upon those parts of the road designated for the application of

the money, the laborer or contractor performing the work, although he makes an independent contract having no reference to the fund, is the sole beneficiary of the fund, and that the directors are individually liable if they apply it in any other mode, although it is done by the consent of the parties with whom they or the company contracted.

The company was under no obligation to pay the appellants out of this fund. They were not parties to the contract, and there was no trust, express or implied, that the company should pay it to the appellants, or that they were to become the beneficiaries of the fund, or any part of it. Suppose the city of Louisville had the right to have used these bonds by changing the contract on other parts of the road, as would have been the case with an individual subscription, will it be contended that the appellants had such an interest in it as to prevent this change of contract between the city and the company? We think not; and as to all parties but the city of Louisville, the company, when it obtained the money, had the right to use it for any purpose connected with the corporation, either in the construction of the road or the payment of its debts. Nor was the company, by the terms of the contract with the city, prevented from applying the money to the payment of the mortgage debt. This mortgage had been made, including doubtless all the rights and franchises of the company, and the one million dollars of stock about to be taken was understood not to be embraced by the terms of the mortgage; that no right to this stock or the subscription passed to the mortgagees, and if such had been the contract, if the road had been constructed with the company's own means, instead of the money from the proceeds of the bonds, the company had the right to apply it to the payment of the

Myer & Hay v. Dupont, &c.

mortgage debt. The city, however, has its stock; at least that corporation makes no complaint of the action of the directors, and the appellant has no right to make directors personally liable because they pay one debt of the corporation in preference to the other.

It is no misappropriation of the funds of a corporation by the directors when the funds are used in good faith for the corporate purposes. To pay one debt when they could have paid another, thereby giving a preference, is not a fraudulent act on the part of the directors. It is not sufficient to allege that the directors have fraudulently misappropriated the funds of the company. It must appear in what way the fraud was perpetrated. It is said the fraud consists in paying a certain sum of money on the mortgage debt. That, as we have already seen, is not fraudulent. The company had the right to dispose of it in that way, if the city with whom it had contracted had been indemnified by the construction of the road. A third party has no right to complain when the city is silent; and besides, if a trust existed, it must be alleged that the company had, or ought to have had, a sufficient sum in its hands of this fund, after the construction of the road, to pay appellant. It had the right to apply the means to the construction of forty-five miles of the road. The road is built. Now, before appellants can recover upon this theory, it must be averred that this much was on hand after the construction. It is an averment indispensable to the maintenance of the action, adopting appellants' theory as the law of the case.

In either aspect of the case, the judgment must be affirmed.